■ Harch International Limited, Respondent, v Harch Capital Management, Inc., Appellant, et al., Defendants. [985 NYS2d 504]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about February 15, 2013, which, to the extent appealed from, denied defendant Harch Capital Management Inc.'s (HCM) counterclaim for indemnification, and order, same court and Justice, entered on or about October 22, 2013, which to the extent appealed from as limited by the briefs, granted

plaintiff Harch International Limited's (HIL) motion to release funds and denied HCM's cross motion to renew its indemnification claims, unanimously affirmed, without costs.

A bench trial was held in September 2011 at which time the court tried HIL's breach of contract and fiduciary duty claims, and HCM's counterclaim for indemnity. Each party was provided with a full opportunity to introduce evidence and raise all legal arguments. Among other things, each side raised the issue of what should happen with the certain funds that JPMorgan Chase Bank held in trust and had deposited with the court. HIL sought release of these monies based upon the terms of the Collateral Management Agreement (CMA), whereas HCM sought indemnity and the right to the funds based upon a Subadvisory Agreement. In its February 15, 2013 decision and order, the court dismissed HIL's remaining claims against HCM. The court also denied HCM's indemnity counterclaim. Subsequently, HIL brought a motion for the release of monies from the court's registry; HCM opposed that motion and cross-moved to, among other things, renew the decision after trial. In its order dated October 21, 2013, the court granted HIL's motion for the release of funds and denied HCM's cross motion.

The court properly denied HCM's indemnity counterclaim, granted HIL's motion for the release of funds, and denied HCM's cross motion for renewal. At trial, HCM failed to present any evidence of its costs and expenses in connection with those indemnity claims, despite its arguments that it had a contractual right to indemnity against HIL. The court denied the indemnity counterclaim based not only on HCM's failure to introduce any evidence of the costs and expenses it was seeking, but also on its interpretation of the referenced agreements.

Although HCM contends that its indemnity claims did not ripen until after the court decided HIL's claims against it, its decision to forgo the introduction of any evidence at trial of its costs and expenses attendant to its indemnification claims was unjustified given the procedural posture of the case. It was clear that the issues at trial included HCM's counterclaim. There had been no motion to sever the counterclaim nor was the counterclaim bifurcated so that only the issue of liability was before the court. Consequently, HCM was required to put forth all of its proof at the time of trial. Having failed to do so, the court properly denied the counterclaim. The court also properly denied HCM's motion to renew since HCM did not satisfy the standards applicable to such a motion (CPLR 2221 [e]).

We have considered HCM's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.